UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| MICHAEL DAVID GARRISON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:06-cv-869 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MICHIGAN DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action purportedly brought by four state prisoners pursuant to 42 U.S.C. § 1983 to vindicate their First Amendment and statutory rights to practice their Native American religion. The matter is before the court on defendants' motion to strike from the record plaintiffs' motion for summary judgment. Defendants' motion to strike is based upon the assertion that plaintiff Jason Dixon, whose signature purportedly appears on plaintiffs' motion, absconded parole in October 2007 and could not have signed plaintiffs' motion on his own behalf as required by Fed. R. Civ. P. 11. Plaintiff Garrison has filed his response (docket # 63) expressing great outrage at the position of defense counsel. Plaintiff Garrison, however, admits in his motion that he has been using presigned, undated papers executed in blank by the other plaintiffs for Garrison's use in prosecuting this litigation. Apparently seeing nothing wrong with this ruse, plaintiff Garrison seeks sanctions against defense counsel. For the reasons set forth below, the court finds that plaintiff Garrison is perpetrating a brazen fraud on the court and that this case must be dismissed.

The court is not required to speculate concerning the activities of plaintiff Garrison and his co-plaintiffs in this case. By Garrison's own admission, he has been acting on behalf of the other named plaintiffs through the subterfuge of papers signed in blank:

> All of the Plaintiffs also pre-signed and pre-authorized Plaintiff Garrison to file all pleadings in this matter because he was the only plaintiff with sufficient knowledge of law and court procedures to pursue the claims in this matter.

(Plf. Response at ¶ 2, docket # 63). Federal law plainly prohibits plaintiff Garrison from representing the other plaintiffs, either directly or through the subterfuge of presigned papers. Under the provisions of 28 U.S.C. § 1654, a person may prosecute an action either through counsel or *pro se*. A *pro se* litigant, however, is limited to representing himself and may not act in a representative capacity for any other person. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). "The statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). The Sixth Circuit has repeatedly held that *pro se* prisoners may assert only their own claims and cannot represent others. *See, e.g., Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003). Plaintiff Garrison's use of presigned papers is utterly insufficient to avoid this rule. These papers were, at best, an authorization by the other plaintiffs that Garrison act as their attorney-in-fact in prosecuting this case.

Plaintiffs cannot claim ignorance. Garrison and the other plaintiffs were expressly warned by the court's April 30, 2007 order in this case that Garrison could not represent other prisoners and that each plaintiff was required to represent himself on his own claims: "It is well established that a *pro se* litigant may represent himself on his own claims, but may not act in a representative capacity." (4/30/07 Order at 2, docket # 20)(citing 28 U.S.C. § 1654). Thereafter,

Garrison knowingly filed motions and briefs that were presented to the court as if they had been made by all the plaintiffs, in violation of Rule 11 of the Federal Rules of Civil Procedure and the court's April 2007 order.  (docket #'s 53, 54, 55, 63).  Garrison's effort to represent other persons through the subterfuge of presigned papers, which only came to light when one of the plaintiffs absconded from parole, represents a fraud on the court.

In the circumstances of this case, the court must dismiss the claims of plaintiffs Dixon, Boylan, and Walker without prejudice.  By his own admission, plaintiff Garrison has been forced to use the ruse of presigned papers because he is now housed in a different prison from plaintiffs Boylan and Walker.  Dixon, who has been released on parole and is on absconder status is likewise unable to collaborate with Garrison, who is apparently asserting claims and making arguments on behalf of all other plaintiffs pursuant to their alleged grant of authority to him. Garrison's ruse has made it impossible to discern which claims and arguments have been advanced by him alone and which represent the voluntary act of his co-plaintiffs.  If for no other reason, the court must act to safeguard the rights of the absent plaintiffs, whose interests are allegedly being pursued by a non-lawyer with a demonstrated disdain for the requirements of federal law and the Federal Rules of Civil Procedure.  The court will therefore dismiss the claims of plaintiffs Dixon, Boylan, and Walker without prejudice.[1]

The court will also dismiss the claims of plaintiff Garrison, as a sanction for his fraud on the court. On the present record, Garrison's brazen fraud would arguably justify a dismissal with

---

[1] Dismissal in this case is a sanction.  If Dixon, Boylan, or Walker file a new complaint, each will be required to pay the applicable filing fee as specified by the Prison Litigation Reform Act.  None of the plaintiffs will be entitled to any "credit" in future cases for any filing fees paid or to be paid in connection with this lawsuit.

prejudice pursuant to Rule 11 or the court's inherent powers.  *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-50 (1991).  Nevertheless, the court determines that a dismissal without prejudice will be sufficient to vindicate the integrity of these legal proceedings and to prevent future abuses. Plaintiff Garrison will be allowed to reassert his own claims in a separate lawsuit, under certain conditions.  First, he must assert only his own claims, and not those of any other party.  Garrison has proven himself to be untrustworthy, and the court can no longer assume that any signature purportedly of another person is not in fact the act solely of Mr. Garrison.  Therefore a permanent injunction shall issue preventing Garrison from filing or participating in any civil action in this court as a co-plaintiff, and Garrison shall not be permitted to intervene as a plaintiff in any future lawsuit in this court.[2]  Second, plaintiff Garrison's complaint in any subsequent action must disclose on the first page whether he is reasserting any of the twenty-six counts he has asserted in this case and shall recite this case's docket number.  Finally, plaintiff Garrison will not be allowed to proceed *in forma pauperis* in any case where his is attempting to assert any claim or claims he asserted in this case, but must pay the entire filing fee at the outset.  Failure to comply with any of these requirements will result in immediate dismissal.   The court imposes these minimal sanctions only to deter Garrison from committing a similar fraud on the court in the future.

---

[2]Currently pending in the case of *Catanzaro v. Michigan Dep't of Corrections, et al.*, 1:07-cv-1279 (W.D. Mich.) is a January 16, 2008 motion by Michael Garison to intervene as a plaintiff in prisoner Matthew Catanzaro's lawsuit.  The *Catanzaro* case is assigned to Senior Judge Richard Alan Enslen.  Judge Enslen will decide what is to be done with prisoner Garrison's pending motion to intervene.

**Conclusion**

For the foregoing reasons, this court will dismiss all claims in this case without prejudice, under the conditions set forth above. All pending motions will be dismissed as moot.


Date:    February 7, 2008              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE